1  THOMAS E. MOSS
   UNITED STATES ATTORNEY
2  WENDY J. OLSON
   ASSISTANT UNITED STATES ATTORNEY
3  DISTRICT OF IDAHO
   WASHINGTON GROUP PLAZA, PLAZA IV, SUITE 600
4  800 PARK BOULEVARD
   BOISE, IDAHO 83712-9903
5  TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | CR 05-42-S-EJL |
| --- | --- | --- |
| Plaintiff, | ) | **RULE 11 PLEA AGREEMENT** |
| vs. | ) | |
| LYNN PLASMA, INC., | ) | |
| Defendant. | ) | |

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | GUILTY PLEA | | 1 |
| | A. | Summary of Terms | 1 |
| | B. | Elements of the Crime | 1 |
| | C. | Factual Basis | 1 |
| II. | WAIVER OF CONSTITUTIONAL RIGHTS | | 3 |
| III. | SENTENCING FACTORS | | 3 |
| | A. | Maximum Penalties | 3 |
| | B. | Recommendations and Requests | 3 |
| | | 1. Fines, Costs, and Restitution | 3 |
| | | 2. Community Service | 3 |
| | | 3. Special Assessment | 4 |
| | | 4. Supervised Release | 4 |
| IV. | WAIVER OF APPEAL RIGHTS | | 5 |
| V. | CONSEQUENCES OF VIOLATING AGREEMENT | | 6 |
| | A. | Government's Options | 6 |
| | B. | Defendant's Waiver of Rights | 6 |
| | C. | Perjury, False Statements, or Other Crimes | 6 |
| VI. | MISCELLANEOUS | | 7 |
| | A. | No Other Terms | 7 |
| | B. | Corporate Authorization | 7 |
| VII. | UNITED STATES' APPROVAL | | 7 |
| VIII. | ACCEPTANCE BY DEFENDANT AND COUNSEL | | 8 |

I. **GUILTY PLEA**

A. **Summary of Terms.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will plead guilty to Count I of the Information and pay a $25,000 fine. More specifically, the parties agree as follows:

Count I charges the defendant with negligently violating, or causing others to violate Sections 1317(d) and 1319(c)(1)(A) of the Federal Water Pollution Control Act, Title 33, United States Code, by discharging pollutants from a point source into a water of the United States without a permit. In return, the United States agrees that the defendant's plea will resolve all criminal and civil liability to the United States arising out of the defendant's conduct as set forth in the factual basis below.

B. **Elements of the Crime.**

1. **Count I.** The elements of the crime of negligently directly discharging pollutants from a point source into a water of the United States without a permit in violation of Title 33, United States Code, Sections 1317(d) and 1319(c)(1)(A) as charged in Count I, are as follows:

    a. Defendant Lynn Plasma;

    b. Negligently discharged a pollutant;

    c. From a point source;

    d. Into a water of the United States

    e. Without or in violation of a permit.

C. **Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt.

Defendant Lynn Plasma, Inc. is an Idaho corporation that formerly operated a manufacturing facility at 512 East 45th Street in Garden City, Idaho. One of the manufacturing processes conducted by

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

*PLEA AGREEMENT – 1*

Lynn Plasma at the former facility involved applying silicon coatings to aluminum and stainless steel tubes for use in the glass industry. Lynn Plasma applied the coating materials to both new and reconditioned tubes. The silicon coating on the used tubes was removed using a thermal and mechanical stripping process at the former facility.

On November 14, 2002, an inspector with the City of Garden City observed a liquid slurry of metallic, grey-colored material flowing from a lathe-type machine through a sloped valley in the adjoining parking lot and running into a storm water drain. Upon further investigation, the inspector determined that the entrance to the storm drain was surrounded by a heavy deposit of the metallic, grey-colored material. The material was visually very similar to the waste being generated from the stripping process which was later determined to be removal of silicon coatings from used aluminum or stainless steel tubes.

The storm drain at which the inspector discovered the metallic, grey-colored material empties into the Boise River approximately two hundred (200) feet north of the site of the former Lynn Plasma facility. A subsequent inspection of the Boise River in the area at which the storm water outfall enters the river revealed rocks and debris coated with a metallic substance similar to that discovered at the entrance to the storm drain in the parking lot adjacent to the former Lynn Plasma facility. Analytical tests conducted on samples collected from the outfall and the entrance to the storm drain confirmed that the material at both locations was aluminum silicate. The material was not naturally occurring and included additional synthetic metals and contaminants.

Lynn Plasma did not have a permit to discharge pollutants to the storm drain in the parking lot of its former facility in Garden City, Idaho. Lynn Plasma, through the actions of its employees, failed to take reasonable steps to prevent the discharge of pollutants to the storm drain.

*PLEA AGREEMENT – 2*

## II. WAIVER OF CONSTITUTIONAL RIGHTS

The defendant understands and waives (gives up) the following rights: (1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; (2) the right to a trial by jury; and (3) the rights, at trial, to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify, to present evidence and to compel the attendance of witnesses. The defendant understands that by pleading guilty the defendant waives (gives up) all of the rights set forth above. The defendant fully understands that by entering a plea of guilty, if that plea is accepted by the Court, there will be no trial and defendant will have waived (given up) these trial rights.

## III. SENTENCING FACTORS

A. **Maximum Penalties.** A negligent violation of the direct discharge prohibition under the Clean Water Act, as charged in Count I, is punishable by a maximum fine of $200,000.00 or twice the gross gain or loss resulting from the unlawful conduct, 18 U.S.C. Section 3571; not more than five years probation; and a special assessment of $125.00, 18 U.S.C. Section 3013(a)(1)(B). The Defendant could also be required to make full restitution for damage to any person or natural resources.

B. **Recommendations and Requests.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the following sentence is appropriate and should be imposed in this case:

1. **Fines, Costs, and Restitution.** The defendant has agreed to pay a fine of twenty-five thousand dollars ($25,000). The Court may also order the defendant to pay the costs of probation and supervised release. In addition to imposing a fine, the Court, pursuant to Title 18, United States Code, Sections 3563(b)(3), 3583, and 3663-64, may order defendant to pay restitution in an amount equal to the loss caused to any victim(s) of the offense charged in the Information.

2. **Community Service** The parties further agree that execution of a portion of the twenty-five thousand ($25,000) Dollar criminal fine payable by defendant, in the amount of twelve

*PLEA AGREEMENT – 3*

thousand five hundred ($12,500) Dollars, shall be suspended for the express purpose of defendant applying this amount to performing community service consistent with U.S.S.G. § 8B1.3, and in furtherance of the sentencing principles provided in 18 U.S.C. § 3553(a). The explicit goal of the community service requirement to be imposed on defendant shall be to fund one or more projects for the benefit, preservation, and restoration of the environment and ecosystems in Idaho. The community service funds shall be paid to the National Fish and Wildlife Foundation to fund, at its discretion, a specific project or projects that meet the above stated goal.

Because the above payments are designated as community service by an organization, defendant further agrees that it will not seek any reduction in his tax obligations as a result of these community service payments. In addition, since these payments constitute community service as part of the total fine amount agreed upon in this Agreement, defendant will not characterize, publicize or refer to these community service payments as voluntary donations or contributions. Payment of the fine and suspension of a portion of the fine for community service payments shall be accomplished by the defendant tendering one check to the Clerk of Court for $25,000.00. The Clerk of the Court shall issue a check payable to the "National Fish & Wildlife Foundation" addressed to: "National Fish & Wildlife Foundation, Attn: Mary Ridgeway, Controller, 1120 Connecticut Avenue NW, Suite 900, Washington, D.C. 20036."

3. **Special Assessment.** Defendant will pay a special assessment of $125, in addition to any fine imposed. This assessment will be paid by defendant before sentence is imposed, and defendant will furnish a receipt at sentencing. Payment is to be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 W. Fort Street, Fourth Floor, Boise, ID 83724.

4. **Supervised Release.** Defendant will be sentenced to a term of supervised release, to be served after incarceration, of not more than five (5) years. The defendant's term of supervised release will be a specific (i.e., a determinate) term chosen by the Court at sentencing. The combination

*PLEA AGREEMENT – 4*

of prison time and supervised release is permitted, by law, to exceed the maximum term of incarceration allowed under the statute(s) that defendant is pleading guilty to violating. Violation of any condition of supervised release may result in defendant being imprisoned for the entire term of supervised release or being prosecuted for contempt of court under Title 18, United States Code, Section 401(3).

## IV.  WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

The defendant is aware that Title 18, United States Code, Section 3742 affords defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily gives up (waives) all appeal rights defendant may have regarding both defendant's conviction and sentence, including any restitution or forfeiture order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute.

The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge Defendant's sentence through a habeas petition such as a motion pursuant to Title 28, United States Code, Section 2255. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily gives up (waives) Defendant's right to contest Defendant's pleas, conviction, or sentence in any post-conviction proceeding, including any proceeding authorized by Title 28, United States Code, Section 2255, except as to an appeal claiming ineffective assistance of counsel based upon facts discovered <u>after</u> the entry of defendant's guilty plea.

If the defendant knowingly violates any of the terms of this agreement, any guilty plea by the defendant, and any judgment and/or sentence based thereon, shall remain in full force and effect and will not be the subject of any legal challenge by the defendant on appeal or collateral attack.

The defendant further understands that nothing in this Plea Agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).

*PLEA AGREEMENT – 5*

## V. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options**. If defendant fails to keep any promise in this Agreement, or commits a new crime, the Government is relieved of any obligation not to prosecute defendant on other charges, including any charges dismissed as part of this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed under this Agreement that defendant's breach of the Agreement warrants further prosecution, the Government will have the choice between letting the conviction(s) under this Plea Agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted as well. If the Government makes its determination before sentencing, it may withdraw from the Plea Agreement in its entirety.

B. **Defendant's Waiver of Rights**. Defendant agrees that if defendant fails to keep any promise made in this Agreement, defendant gives up: (1) the right not to be placed twice in jeopardy for the offense(s) to which defendant entered a plea of guilty or which were dismissed under this Agreement; (2) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner for any charge that is brought as a result of defendant's failure to keep this Agreement; and (3) the right to be charged within the applicable statute of limitations period for any charge that is brought as a result of defendant's failure to keep this Agreement, and on which the statute of limitations expired after defendant entered into this Agreement.

C. **Perjury, False Statements, or Other Crimes**. The Government agrees to bring no further charges against the defendant arising from information learned during the investigation which brought about this plea, except for crimes of violence as defined in Title 18, United States Code, Section 924(c)(3), if any. Any information, statements, documents, and evidence which the defendant provides the Government pursuant to this Agreement may be used against the defendant in any such prosecutions.

*PLEA AGREEMENT – 6*

## VI. MISCELLANEOUS

**A. No Other Terms.** This Agreement incorporates the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against defendant or any property, including but not limited to, any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States agencies. If requested to do so by the defendant or his counsel, the Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities.

**B. Corporate Authorization.** Lynn Plasma, Inc. represents that it is authorized to enter into this Agreement. On or before the date of entry and filing of the Plea Agreement, Lynn Plasma, Inc. shall provide to the United States and the Court a written statement in the form of notarized legal documents certifying that it is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that the President or Chief Operating Officer, or their designee, is authorized to take these actions, and that all corporate formalities for such authorization have been observed.

## VII. UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

THOMAS E. MOSS
United States Attorney
By:

_____  _3/1/__  
Wendy J. Olson                Date
Assistant United States Attorney

*PLEA AGREEMENT -- 7*

### VIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon the potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, no person has, directly or indirectly, threatened or coerced me to do, or refrain from doing, anything in connection with any aspect of this case, including entering a plea of guilty. I am satisfied with my attorney's advice and representation in this case.

LYNN PLASMA, INC., Defendant
By:

_____          _____
                                       Date

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth above.

_____          _____
Paul L. Westberg                       Date
Attorney for Defendant

*PLEA AGREEMENT* – 8